UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL ACTION

JEFFERY P. OLINDE                                         NO: 03-143-D-M2

**RULING**

Before this Court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (doc. 80) filed by Jeffrey P. Olinde ("Olinde"). The United States of America ("United States") filed an opposition to Olinde's motion (doc. 83).

On October 23, 2007, Magistrate Judge Christine Noland issued a Report and Recommendations (doc. 86) recommending that Olinde's motion be denied in part, dismissing all of Olinde's claims, except his claim that his counsel was ineffective in failing to advise him before trial that he could receive an enhanced sentence as an Armed Career Criminal pursuant to the provisions found in 18 U.S.C. § 924(e)(1). Olinde claims that his counsel "did not tell him about this career enhancement, or the dangers it posed to [his] going to a criminal trial." The Magistrate Judge recommended an evidentiary hearing to address this remaining claim. The United States timely filed an objection to the report (doc. 89) specifically objecting to the evidentiary hearing recommendation.

The Magistrate's report noted that the United States failed to make any reference in its opposition to Olinde's claim that his counsel failed to advise him that

1

USCA5 384

he could receive an enhanced sentence. In its objection, the United States conceded that its failure to address the claim was an oversight. As such, the Court now considers whether an evidentiary hearing is needed to determine whether Mr. Olinde's counsel failed to inform him of his eligibility for a sentence enhancement relative to his distinction as an Armed Career Criminal.

To successfully raise a claim of ineffective assistance of counsel, a defendant "must demonstrate both that (1) counsel's performance was deficient, and (2) that his counsel's deficient performance prejudiced his defense." *United States v. Nguyen,* ----F.3d----, 2007 WL 2966818, *11 (5th Cir., October 12, 2007), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A counsel's performance is deficient if it "fell below an objective standard of reasonableness. *Strickland*, at 688, 104 S.Ct. 2052.

The Magistrate's report notes that it has been held that any error by counsel which results in an increase in a defendant's sentence is *per se* prejudicial, and a failure by counsel to properly advise a defendant as to the maximum sentence he could receive falls below the object standard of reasonableness provided under *Strickland*. *Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).

However, there is nothing in the record to indicate that Mr. Olinde would have plead guilty had he been advised by his counsel that he faced sentencing as an Armed Career Criminal. Even if counsel failed to advise defendant that he was

2

eligible to be sentenced as an Armed Career Crminal, he proceeded to trial and there is no indication that he was prejudiced.  The defendant proceeded to trial, maintained his innocence, presented evidence, and called a witness on his behalf.

Additionally, Mr. Oline was arraigned on July 11, 2003.  Generally, during arraignments, the Court advises the defendant the maximum penalties he faces, if convicted.  Those penalties include those which arise if eligible for sentencing pursuant to 18 U.S.C. § 924(e).  Indeed, upon reviewing the record from the July 11, 2003 arraignment in front of the Magistrate Judge, it is clear to this Court that Mr. Olinde was advised of those penalties pursuant to his classification as an Armed Career Criminal.

Accordingly, this court agrees with and **ADOPTS** Magistrate Judge Noland's Report and Recommendations as to all of the claims, except Claim No. 4. With respect to that claim, the Court finds that there is no indication to suggest that defendant was prejudiced. Thus, all of Mr. Olinde's claims are hereby **DISMISSED**.

Baton Rouge, Louisiana, November 13, 2007.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA