# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       03-143-SDD-RLB

JEFFERY P. OLINDE

## RULING

This matter is before the Court on the *Motion for Sentence Reduction*[1] filed by Defendant Jeffery P. Olinde ("Olinde"). The Government has filed an *Opposition*[2] to this motion. For the reasons which follow, the motion shall be denied.

**I.    BACKGROUND FACTS**

Following a trial by jury, Olinde was convicted of Count Two of a Superseding Indictment, manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1); Count Three, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and Count Four, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[3] During Olinde's sentencing hearing in 2004, evidence of Olinde's prior convictions were submitted to the Court, and the Court found Olinde to be an Armed Career Criminal.[4] Based on the applicable sentencing guidelines, Olinde was sentenced to a term of imprisonment of 262 months on Count Three and 240

---

[1] Rec. Doc. No. 130.
[2] Rec. Doc. No. 134.
[3] The Honorable James J. Brady presided over Olinde's jury trial and sentencing.
[4] Rec. Doc. No. 75.

64288                                                                               1

months on Count Two, to be served concurrently with each other and consecutively to the 60 month term of imprisonment imposed for Count Four.[5]

In 2006, United States Court of Appeals for the Fifth Circuit affirmed Olinde's conviction,[6] and the Court denied his Section 2255 motion filed in 2007.[7] Olinde now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that the First Step Act made Sections 2 and 3 of the Fair Sentencing Act of 2010 ("FSA") retroactive.[8] Amendment 750 implemented portions of the FSA, and Part A of this amendment altered the drug quantity table in U.S.S.G.§ 2D1.1 for crack cocaine in accordance with the FSA.[9] Olinde urges the Court to apply Amendment 782, which became effective November 1, 2014, reducing the base offense level assigned to drug quantities in U.S.S.G. § 2D1.1.

The Government opposes Olinde's motion, arguing that the Court lacks jurisdiction or authority to reduce Olinde's sentence under 18 U.S.C. § 3582, and the facts of this case do not afford Olinde any relief under the First Step Act or the FSA and its amendments.

## II.   LAW AND ANALYSIS

A review of the record and sentencing transcript demonstrates that the Court reached Olinde's guideline imprisonment range by relying completely upon his status as an Armed Career Criminal Offender and his conviction for possession of a firearm during, and in relation to, a drug trafficking crime. As the Government points out, the violations alleged in Counts Three and Four determined the outcome for Olinde's sentence, and the

---

[5] Rec. Doc. No. 71.
[6] Rec. Doc. No. 79.
[7] Rec. Doc. Nos. 80, 89, & 91.
[8] Rec. Doc. No. 130.
[9] *See U.S. v. Liberse*, 688 F.3d 1198, 1200 (11th Cir. 2012).

drug trafficking sentencing related guidelines had no effect on Olinde's total guideline offense level.[10]

Because the drug sentencing guidelines had no bearing upon Olinde's total offense level, the Government contends "it follows that the FSA has no impact upon his sentence."[11] Thus, the First Step Act, rendering Parts 2 and 3 of the FSA retroactive, is inapplicable to this matter. Rather, the firearm convictions gave rise to the guideline findings and the sentence ultimately imposed. The Court agrees with the Government's contention and finds that the record and applicable law comport.

Accordingly, Olinde is not entitled to relief under 18 U.S.C. § 3582(c)(2) because neither the FSA nor its subsequent amendments relate to Counts Three and Four—the §§ 922(g)(1) and 924(c)(1)(A) violations.

## III. CONCLUSION

For the above reasons, Olinde's *Motion for Sentence Reduction*[12] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 14, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[10] Rec. Doc. No. 134, p. 4.
[11] *Id.* (noting "The FSA's effect was to amend the statutory sentencing ranges for 'crack' cocaine offenses, not those relating to methamphetamine, for which defendant was convicted. *See United States v. Powell*, 2019 U.S. Dist. LEXIS 60012 (E.D. Ky. Apr. 8, 2019); *United States v. Orozco-Lopez*, 2012 U.S. Dist. LEXIS 132337 (N.D. Tex. Sep. 15, 2012) (Nothing in the FSA is relevant to sentencing guidelines for trafficking in methamphetamine.); *United States v. Rodriguez*, 2012 U.S. Dist. LEXIS 100565 (D. Kan. July 19, 2012); *Weeks-Tolman v. United States*, 2015 U.S. Dist. LEXIS 97846 (E.D. Tenn. July 27, 2015); and *U.S. v. Damian*, 2012 WL 832628 (D. New Hampshire, Mar. 12, 2012) (When a defendant is sentenced pursuant to the career offender guideline, the retroactive crack base guideline amendment has no application.")).
[12] Rec. Doc. No. 130.