UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS

JEFFERY P. OLINDE                                  3-143-SDD-RLB

## ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Jeffrey P. Olinde ("Defendant").[1] The Government opposes this motion and defendant has filed a reply.[2] For the following reasons, the motion is denied.

### Background

Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Oakdale II in Oakdale, Louisiana. Defendant, who was determined to be an armed career criminal, is serving a 322-month sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of methamphetamine, in violation of 21 U.S.C. § 844(a).

The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that there are four "extraordinary and compelling" reasons to reduce his sentence: (1) the decision by the Court in *United States v. Davis*; (2) the sentencing disparity between actual methamphetamine and methamphetamine mixture; (3) his history of addiction; and (4) his rehabilitation.[3]

---

[1] R. Doc. 175.
[2] R. Docs. 178 and 179.
[3] R. Doc. 175.

## Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[4] Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances, only one of which is applicable here: upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), which provides the basis for Defendant's motion. Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

## Extraordinary and Compelling Reasons

The Sentencing Commission has identified three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
>
> (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[4] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

>  (B) Age of the Defendant.—The defendant
>  (i) is at least 65 years old;
>  (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>  (C) Family Circumstances.—
>  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[5] Defendant has not shown any "extraordinary and compelling reason" that would apply in this case.

*United States v. Davis*

Defendant first asserts that, due to the Court's ruling in *United States v. Davis*, 588 U.S. 445, he would not have been convicted and sentenced today under 18 U.S.C. 924(c). Defendant's reliance on *Davis* is misplaced. *Davis* invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence. The predicate offense underlying Defendant's § 924(c) conviction was a drug trafficking crime (possession of methamphetamine)—not a crime of violence that could implicate *Davis*.

---

[5] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

*Sentencing Disparity*

Defendant next asserts that the sentencing disparities between actual methamphetamine and a mixture containing methamphetamine, and actual methamphetamine and other drugs is arbitrary. This argument is more aptly characterized as a challenge to the legality or duration of his sentence. Defendant is challenging the sentencing guidelines and how it distinguishes between different levels of methamphetamine purity, and between other drugs. He further asserts that these distinctions increased the duration of his sentence. Accordingly, Defendant's policy-based argument here falls within the province of a direct appeal or a § 2255 motion and should not be raised under 18 U.S.C. § 3582(c)(1). *See United States v. Hanks*, 2023 WL 6133441, *3 (S.D. Miss. Sept. 19, 2023) (finding that consideration of the methamphetamine purity distinction was inappropriate for a motion for compassionate release because "[s]entencing is the more appropriate stage to consider such policy disagreements with the Sentencing Guidelines").

Even assuming that Defendant's claim could be raised under 18 U.S.C. § 3582(c)(1), the Court alternatively finds that the guideline's purity distinction does not constitute an extraordinary and compelling reason for a sentence reduction. As this Court has already explained, the drug sentencing guidelines had no being upon Defendant's total offense level. Rather, the Court reached Defendant's guideline imprisonment range by relying upon his status as an Armed Career Criminal Offender. *See* R. Doc. 157.

*History of Addiction and Rehabilitation*

Finally, Defendant asserts that his history of addiction was not considered and offers evidence of his rehabilitation in prison. Plaintiff's history of drug use was considered by the Court. *See* R. Docs. 84 and 121. Additionally, many federal inmates have issues with substance abuse. To conclude that the plaintiff's own issue with substance abuse is extraordinary and

compelling would turn the ordinary into extraordinary. Such a conclusion would be inconsistent with the plain language of the statute. Further, rehabilitation alone cannot justify a reduced sentence. 28 U.S.C. § 994(t); *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022). While the Court commends Defendant's efforts to improve himself while incarcerated, his rehabilitation nor the other grounds raised rise to the level of extraordinary and compelling. Accordingly, the Motion seeking compassionate release will be denied.

## Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Defendant's Motion[6] is **DENIED**.

Baton Rouge, Louisiana, this 3rd day of June, 2024.

*Shelly D. Dick*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[6] R. Doc. 175.